IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDGAR SHEPARD                                                                                              PLAINTIFF

v.                                    Civil No. 1:16-cv-01086

JAMES BOLTON; and
SHERYL MENDENHALL                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Edgar Shepard pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss. ECF No. 12. After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

Plaintiff filed his Complaint on October 3, 2016 in the Eastern District of Arkansas. ECF No. 2. On October 5, 2016, the case was transferred to the Western District of Arkansas. ECF No. 3. On October 6, 2016, I granted Plaintiff's Motion to Proceed *in forma pauperis* and ordered service on Defendants. ECF No. 6. Defendants filed their Answer on November 2, 106. ECF No. 10.

On November 21, 2016, Defendants filed a Motion to Dismiss (ECF No. 12) stating they have been unable to effect service of correspondence and discovery requests upon Plaintiff. Defendants served their Answer and discovery requests upon Plaintiff on November 3, 2016, at his address of record: Ouachita County Detention Center, 109 Goodgame Street, Camden, AR

1

71701.　The Answer and discovery requests were returned to the office of the attorney for Defendants on November 15, 2016, marked "Return to Sender" and "Inmate No Longer Here." ECF No. 14.　Counsel for Defendants then conducted a search on the Arkansas Department of Correction inmate search site and found no listing for Plaintiff.　ECF No. 14.

Based on research by the Court, Plaintiff is now incarcerated in the Arkansas Department of Correction – Cummins Unit, P.O. Box 500, Grady, AR 71644-0500.　On November 30, 2016, I issued an Order to Show Cause to Plaintiff directing him to inform the Court as to whether he intends to prosecute this case.　ECF No. 15.　Plaintiff was given until December 30, 2016 to respond to the Order to show cause.　Plaintiff has not notified the Court of any change of address, has failed to respond to the Order to show cause, and has not communicated with the Court since he filed his Complaint on October 3, 2016.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.　*Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.　Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).　Pursuant to Rule 41(b), a district

court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has failed to keep the Court and Defendants advised of a change in his address as required by Local Rule 5.5(c)(2). As a result, Defendants have been unable to serve Plaintiff with their Answer and discovery requests. In addition, Plaintiff has failed to comply with the Court's Order to show cause. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) I recommend Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED** and Plaintiff's Complaint (ECF No. 2) be **DISMISSED** without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of January 2017**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE